IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ANDRE JUSTE,**

    Petitioner,

v.                                                                Civil Action No. **3:18CV625**

**JEFFREY B. SESSIONS, III,** *et al.,*

    Respondents.

## MEMORANDUM OPINION

Andre Juste, a federal detainee, detained in Batavia, New York, submitted this petition for a writ of habeas corpus action under 28 U.S.C. § 2241 and requested leave to proceed *in forma pauperis*. By Memorandum Opinion and Order entered October 19, 2018, the Court concluded that Petitioner could not proceed *in forma pauperis* because he had three strikes under 28 U.S.C. § 1915(g). (ECF No. 4, at 1–2.) The Court dismissed the action without prejudice. (ECF No. 5, at 1.) The matter is before the Court on its own initiative pursuant to Federal Rule of Civil Procedure 59(e). *See In Burnam v. Amoco Container Co.*, 738 F.2d 1230 (11th Cir. 1984).[1] For the reasons that follow, the October 19, 2018 Memorandum Opinion and Order will be VACATED. Nevertheless, the action will be DISMISSED WITHOUT PREJUDICE for the reasons set forth below.

The Court notes that dismissal pursuant to 28 U.S.C. § 1915(g) was in error as the three strikes provision of 28 U.S.C. § 1915(g) does not apply to habeas petitions under 28 U.S.C.

---

[1] In *Burnan*, the United States Court of Appeals for the Eleventh Circuit held that, "so long as the court acts within [the time set forth in Rule 59(e)], the court has the power on its own motion to consider altering or amending a judgment." *Burnan*, 738 F.2d at 1232 (citation omitted).

§ 2241. *Demos v. Holder*, 543 F. App'x 331, 332 (4th Cir. 2013) (citing *Smith v. Angelone*, 111 F.3d 1126, 1130 (4th Cir. 1997)).

Nevertheless, dismissal of the action remains proper. It is undisputable that venue in the Eastern District of Virginia was improper. Rather venue lay in a federal district in the Western District of New York, where Petitioner is detained. *See* 28 U.S.C. § 2241(d); *United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) (observing that "a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian (citing *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973))). Juste was well aware that the Western District of New York was the proper venue in which to file the present petition. *See Juste v. Lynch*, No. 16–CV–00433–LJV–JJM, 2016 WL 4661346, at *2 (W.D.N.Y. Sept. 6, 2016) (alteration in original) (explaining to Juste that when he "filed this petition, he could only file here as his immediate custodian was [located in this District]"), *appeal dismissed sub nom. Juste v. Sessions*, No. 17–574, 2017 WL 3754208 (2d Cir. Apr. 26, 2017); *Juste v. Lynch*, No. 16–CV–00433–LJV–JJM, 2017 WL 1380045, at *2 (W.D.N.Y. Feb. 14, 2017) (internal numbering omitted) ("On May 3, 2016, petitioner commenced this action in the Eastern District of Virginia. Since petitioner was detained in this District at the time he filed the Petition, the case was transferred here by Memorandum Order dated May 26, 2016."), *report and recommendation adopted*, No. 16–CV–433(LJV)(JJM), 2017 WL 1372267 (W.D.N.Y. Apr. 14, 2017), *appeal dismissed sub nom. Juste v. Sessions*, No. 17–1503, 2017 WL 5256216 (2d Cir. Nov. 6, 2017)). Given these circumstances, the interests of justice do not warrant transferring the action to Western District of New York. *See Demos*, 543 F. App'x at 332.[2]

---

[2] In *Demos*, the district court incorrectly dismissed the habeas petition pursuant to 28 U.S.C. § 1915(g). *Demos*, 543 F. App'x at 332. Nevertheless, the United States Court of Appeals for the Fourth Circuit found

2

The October 19, 2018 Memorandum Opinion and Order will be VACATED.

Nevertheless, the action will be DISMISSED WITHOUT PREJUDICE as of today because Juste failed to file the action in the proper court.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: NOV 19 2018
Richmond, Virginia

---

it unnecessary to remand to the district court for further proceedings. It is indisputable that venue in the District of Maryland was improper; rather, venue lay in a federal district court in the State of Washington. Further, transfer to the proper district court would not be in the interest of justice.

*Id.* (citation omitted)